UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MACK EDWIN WILDER II,

               Plaintiff,

v.

HEIDI WASHINGTON et al.,

               Defendants.

_____/

Case No. 1:26-cv-394

Honorable Robert J. Jonker

## **OPINION**

This is a civil rights action brought under 42 U.S.C. § 1983 by a former county detainee, who initiated this action while he was detained at a county detention facility, regarding events that occurred during his prior incarceration with the Michigan Department of Corrections (MDOC). In a separate order, the Court grants Plaintiff leave to proceed *in forma pauperis*.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will partially dismiss Plaintiff's complaint as detailed below. The Court will deny Plaintiff's motion to appoint counsel and for a default judgment.

**Discussion**

## I.      Factual Allegations

Plaintiff was formerly incarcerated with the MDOC at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. The events about which he complains occurred at that facility. Plaintiff filed this action while incarcerated at the Oakland County Jail in Pontiac, Oakland County, Michigan. (Compl., ECF No. 1, PageID.3.) Plaintiff sues MDOC Director Heidi Washington, MDOC Deputy Director Jeremy Bush, Head Ombudsman Keith Barber, Lead Analysis Ombudsman Alix Naffke, and the following IBC staff: Warden Unknown Party #1, First Shift Captain Unknown Party #2, Lieutenant Unknown Fuller, Lieutenant Unknown Sissell, Inspectors Unknown Parties, Correctional Officer (CO) Unknown Menendez, CO Unknown Pepper, Nurse Unknown Macintyre, Deputy Warden Unknown Party #3, and Assistant Warden Unknown Party #4. (*Id.*, PageID.3–5.)

Plaintiff alleges that on or about April 29, 2023, he was "in the segregation unit on first shift . . . experiencing a medical issue."[1] (*Id.*, PageID.6.) Plaintiff states that he was "vomiting blood or a type of bile and was not being assisted . . . [by Defendant] Menendez and [Defendant] Pepper." (*Id.*) "In an attempt to reach supervision, [Plaintiff] covered his cell window." (*Id.*) Defendant Fuller then "came to [his cell] window and identified himself, [at] which [time Plaintiff] removed the cover." (*Id.*) Plaintiff alleges that Defendant Fuller "was standing there with [Defendants] Menendez and Pepper." (*Id.*) Defendant Fuller then asked Plaintiff, "[H]ave you ever seen the Jungle Book?" and that Plaintiff responded, "Yeah, why?" (*Id.*) Defendant Fuller then asked Plaintiff, "How many men have kissed you in prison?" (*Id.*) Plaintiff replied, "Why would

---

[1] In this opinion, the Court corrects the spelling and punctuation in quotations from Plaintiff's filings.

you ask that?" and Defendant Fuller then asked, "No, for real, how many men have f[*****] you in your a[**] in prison?" (*Id*.) Plaintiff responded, "Why don't you go ask your mother that same question and see what she tells you." (*Id*.)

Plaintiff alleges that Defendant Fuller then "told [Plaintiff] he sees [Plaintiff has] been getting sick, to cuff up, so they can get [Plaintiff] to healthcare." (*Id*.) Plaintiff states that he "cuffed up and they open[ed his] cell door and . . . instead of taking [him] to healthcare," Plaintiff was pulled further up the hallway. (*Id*.) Plaintiff then alleges that the porter was sent into his cell to clean the blood and bile. (*Id*.) Plaintiff alleges that "[w]hile in the hallway, [he] continue[d] to vomit and [Defendants] Pepper and Menendez . . . were both slamming [him] into the wall while [he] could barely stand up, and twisting [his] wrists up as the restraints were not locked, causing them to tighten on [his] wrists." (*Id*., PageID.6–7.) After the porter cleaned Plaintiff's cell, Defendant Fuller told Defendants Menendez and Pepper, "[t]o put [Plaintiff] back in [his] cell to live with [his] filth." (*Id*., PageID.7.)

Plaintiff alleges that as he was being placed back into his cell, Defendant Fuller told Defendant Menendez to "teach [Plaintiff] a lesson." (*Id*.) After Defendant Menendez removed Plaintiff's left cuff, he pushed Plaintiff forward while Plaintiff was "bent down with his arms in the slot." (*Id*.) Defendant Menendez then "pulled the tether on the restraints . . . [which were] still on [Plaintiff's] wrist out [of] the food slot and [Defendant Menendez] and [Defendant] Pepper began pulling on them while [Plaintiff] was anchored behind the door." (*Id*.) Plaintiff alleges that Defendant Menendez stated, "I got this," and "ripped [the cuffs] off [Plaintiff's] hand, causing several layers of flesh to be removed in the process, causing abrasive scarring on [his] hands." (*Id*.)

Plaintiff's complaint alleges that "on the days that followed," Defendant Macintyre told Plaintiff, "Mr. Wilder, I emailed the inspector for you because every day [the] first shift is refusing

to bring you over to get evaluated and your hand is getting infected." (*Id.*) Plaintiff claims "this was sent to an inspector at time or around the dates of 4/30/2023 to an unspecified inspector." (*Id.*) Plaintiff further claims he "had an ombudsman investigation with an Alix Naffke who was in contact with [Plaintiff's] legal guardian . . . during the investigation and was never notified of the outcome of the investigation, which is to be done in a letter or by [a] visit from [the] ombudsman's office." (*Id.*)

Based on the foregoing allegations, Plaintiff avers that Defendants violated his Eighth and Fourteenth Amendment rights. (*Id*, PageID.8.) Plaintiff also raises a "federal tort claim for excessive use of force." (*Id.*) The Court also construes Plaintiff's complaint to raise § 1983 claims regarding the violation of policy or state law as it relates to his allegations against the ombudsman's office. As relief, Plaintiff seeks monetary damages. (*Id.*)

## II.    Motion to Appoint Counsel

Plaintiff filed a motion to appoint counsel to represent him in this matter. (ECF No. 7.) Plaintiff requests appointed counsel because he has "little to no knowledge [of] *pro se* litigation," and is financially unable to retain an attorney. (*Id.*, PageID.24.)

Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these

4

factors and determines that, at this time, the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's position. Plaintiff's motion to appoint counsel (ECF No. 3) will, therefore, be denied.

## III.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## IV.    Discussion

### A.    Defendants Washington, Bush, Barber, Warden Unknown Party #1, First Shift Captain Unknown Party #2, Lieutenant Sissell, Inspectors Unknown Parties, Deputy Warden Unknown Party #3, and Assistant Warden Unknown Party #4

Plaintiff lists Defendants Washington, Bush, Barber, Unknown Party #1, Unknown Party #2, Sissell, Inspectors Unknown Parties, Unknown Party #3, and Unknown Party #4 as Defendants in this action; however, Plaintiff fails to allege any facts showing how these Defendants were personally involved in the violation of his constitutional rights. (*See generally* Compl., ECF No. 1.)

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–61 (2007) (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

Here, Plaintiff does not name Defendants Washington, Bush, Barber, Unknown Party #1, Unknown Party #2, Sissell, Inspectors Unknown Parties, Unknown Party #3, and Unknown Party #4 in the body of his complaint, nor does he refer to their titles in the body of his complaint. (*See*

*generally* Compl., ECF No. 1.) Plaintiff's claims against these Defendants therefore fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and are subject to dismissal. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Moreover, to the extent that Plaintiff seeks to hold Defendants Washington, Bush, Barber, Unknown Party #1, Unknown Party #2, Sissell, Inspectors Unknown Parties, Unknown Party #3, and Unknown Party #4 liable due to their supervisory positions, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

The Sixth Circuit has repeatedly summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993).

Here, Plaintiff fails to allege any *facts* showing that Defendants Washington, Bush, Barber, Unknown Party #1, Unknown Party #2, Sissell, Inspectors Unknown Parties, Unknown Party #3, and Unknown Party #4 encouraged or condoned the conduct of their subordinates, or authorized, approved, or knowingly acquiesced in their conduct.

Accordingly, for these reasons, Plaintiff's claims against Defendants Washington, Bush, Barber, Unknown Party #1, Unknown Party #2, Sissell, Inspectors Unknown Parties, Unknown Party #3, and Unknown Party #4 will be dismissed for failure to state a claim.

### B.    Eighth Amendment Claims

#### 1.    Defendants Fuller, Menendez, and Pepper

Plaintiff claims that the force used by Defendants Fuller, Menendez, and Pepper was excessive and that they denied him medical care. Plaintiff claims that these Defendants, in sum, removed him from his cell, slammed him into a wall, roughly removed his restraints, and denied him medical attention. (*See* Compl., ECF No. 1, PageID.6–7.)

##### a.    Excessive Force Claims

As relevant to excessive force claims, the Eighth Amendment prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 183 (1976)). Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." *Id.* However, not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "On occasion, '[t]he maintenance of prison security and

8

discipline may require that inmates be subjected to physical contact actionable as assault under common law.'" *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002)). Prison officials nonetheless violate the Eighth Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995)); *Bailey v. Golladay*, 421 F. App'x 579, 582 (6th Cir. 2011).

There is a subjective component and an objective component to Eighth Amendment claims. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). First, "[t]he subjective component focuses on the state of mind of the prison officials." *Williams*, 631 F.3d at 383. Courts ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Second, "[t]he objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The objective component requires a "contextual" investigation that is "responsive to 'contemporary standards of decency.'" *Hudson*, 503 U.S. at 8 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Although the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Hudson*, 503 U.S. at 9.

At this early stage in the proceedings, the Court must take Plaintiff's factual allegations as true and in the light most favorable to him. Therefore, at this time, the Court will not dismiss

9

Plaintiff's Eighth Amendment excessive force claims against Defendants Fuller, Menendez, and Pepper.

### b.        Medical Care Claims

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle*, 429 U.S. at 103–04. The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id*. at 104–05; *Comstock*, 273 F.3d at 702.

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id*. In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id*. The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

Here, Plaintiff alleges that he was vomiting blood or bile and vomited in front of Defendants Menendez, Pepper, and Fuller. (Compl., ECF No. 1, PageID.6.) Plaintiff further alleges that he asked for medical attention and was told by Defendants Menendez, Pepper, and Fuller that he would be taken to medical (*Id*.) Instead, Plaintiff was removed from his cell for

cleaning and then returned back to his cell by Defendant Menendez, Pepper, and Fuller without going to medical. (*Id.*) The Court must take Plaintiff's factual allegations as true and in the light most favorable to him. Therefore, at this time, the Court will not dismiss Plaintiff's Eighth Amendment medical care claims against Defendants Fuller, Menendez, and Pepper.

### 2.    Defendant Nurse Macintyre

As to Defendant Macintyre, a nurse at IBC, the Court construes Plaintiff's complaint to raise an Eighth Amendment claim against Macintyre regarding Macintyre's failure to provide medical attention to Plaintiff. (*See* Compl., ECF No. 1, PageID.7.) Plaintiff alleges that "in the days that followed" the use of force incident, Defendant Macintyre told Plaintiff, "Mr. Wilder, I emailed the inspector for you because every day [the] first shift is refusing to bring you over to get evaluated and your hand is getting infected." (*Id.*) There are no further allegations regarding Defendant Macintyre.

As detailed above, the Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle*, 429 U.S. at 103–04. The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id*. at 104–05; *Comstock*, 273 F.3d at 702.

Here, Plaintiff's only allegations regarding Defendant Macintrye are that Defendant Macintyre attempted to provide medical attention to Plaintiff, indicated that Defendant Macintyre "add[ed] [Plaintiff] on [the list] to see the provider every day" but that "first shift [w]as refusing to bring [Plaintiff] over to get evaluated," and "emailed the inspector" for Plaintiff regarding Plaintiff's medical needs. (Compl., ECF No. 1, PageID.7.) Under these circumstances, Plaintiff's allegations do not allege that Defendant Macintyre engaged in any unconstitutional conduct, but was responsive to Plaintiff's medical needs. Based on the Plaintiff's allegations, the Court

determines that the allegations against Defendant Macintyre do not contain "enough facts to state a claim to relief that is plausible on its face." *See Twombly*, 550 U.S. at 570.

In summary, for the reasons set forth above, Plaintiff's Eighth Amendment medical claims against Defendant Macintyre will be dismissed for failure to state a claim. Further, because there are no additional claims against Defendant Macintyre in the complaint, Defendant Macintyre will be dismissed from this action.

### C.      Fourteenth Amendment Claims

Plaintiff's complaint contains a claim for the violation of his Fourteenth Amendment rights. (Compl., ECF No. 1, PageID.8.) "The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To state a Fourteenth Amendment procedural due process claim, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient . . . ." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted).

Although Plaintiff indicates that he is bringing a Fourteenth Amendment claim when listing his claims (Compl., ECF No. 1, PageID.8), the Court finds no allegations in this complaint that would support such a claim, and besides referencing the Fourteenth Amendment, Plaintiff provides no further explanation about the type of claim he intended to bring under the Fourteenth Amendment. Plaintiff does not allege a denial of a liberty or property interest as result of Defendants' actions, nor does he allege he was denied any process associated with that interest. (*See generally* Compl., ECF No. 1). Plaintiff has failed to attribute factual allegations to particular

defendants that would tend to show a Fourteenth Amendment violation. *See Twombly*, 550 U.S. at 555–61.

Accordingly, Plaintiff's Fourteenth Amendment claims will be dismissed for failure to state a claim.

### D.    Federal Tort Claims Act (FTCA) Claims

Plaintiff raises a "federal tort claim for excessive use of force." (Compl., ECF No. 1, PageID.8.) However, the only proper defendant to a suit under the FTCA is the United States. "Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction." *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990). Plaintiff's allegations all concern events that took place within the MDOC, a state department of corrections, and do not involve any federal defendants or the United States. Therefore, Plaintiff's assertions that Defendants violated the FTCA fail to state a claim.

### E.    Section 1983 Claims Regarding Defendant Naffke's Violations of Policy or State Law

With respect to Defendant Naffke, Plaintiff alleges that a report was made to an inspector on or around April 30, 2023, and that Plaintiff was "never notified . . . of the outcome of the investigation" conducted by Defendant Naffke. (Compl., ECF No. 1, PageID.7.) The Court construes Plaintiff's allegations regarding the inspector's office and Defendant Naffke as claims that his rights under policy or state law were violated.

Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Therefore, "[w]ithout a protected liberty or property interest, there can be no federal procedural due process

13

claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). Courts routinely have recognized that a prisoner does not enjoy any federally protected liberty or property interest in state procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Laney v. Farley*, 501 F.3d 577, 580 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001).

Here, Plaintiff fails to allege a protected liberty or property interest dependent upon Defendant Naffke notifying Plaintiff of the outcome of an investigation. Plaintiff further fails to even identify a policy or law that required Defendant Naffke to do so. Plaintiff's vague suggestion that Defendant Naffke violated a rule, policy, or law fails to raise a cognizable federal claim.

Accordingly, Plaintiff's § 1983 claims regarding alleged violations of state law or policy will be dismissed for failure to state a claim. Further, because there are no additional claims against Defendant Naffke in the complaint, Defendant Naffke will be dismissed from this action.

**V.      Motion for Order for Entry of Default and Default Judgment on State Court Forms**

Plaintiff filed a motion for entry of default and a default judgment against Defendants. (ECF No. 5). The motion was submitted on Michigan State Court Administrative Office (SCAO) Form MC-07 and SCAO Form MC-07A. Notwithstanding Plaintiff's motion being submitted on a state court form, a motion for entry of default would be inappropriate at this time, as Defendants have not yet been served in this matter. No defendant is in default. Therefore, Plaintiff's motion asking the Court to enter a default and default judgment in this case is denied.

**<u>Conclusion</u>**

For the reasons set forth above, the Court denies Plaintiff's motion to appoint counsel (ECF No. 7) and Plaintiff's motion for entry of a default judgment (ECF No. 5). Further, having conducted the review required by the PLRA, the Court determines that Defendants Washington, Bush, Barber, Naffke, Unknown Party #1, Unknown Party #2, Sissell, Inspectors Unknown

14

Parties, Macintyre, Unknown Party #3, and Unknown Party #4 will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, the Fourteenth Amendment and FTCA claims against remaining Defendants Fuller, Menendez, and Pepper. Plaintiff's Eighth Amendment excessive force and medical treatment claims against Defendants Fuller, Menendez, and Pepper remain in the case. Plaintiff's complaint will be served on Defendants Fuller, Menendez, and Pepper.

An order consistent with this opinion will be entered.

Dated:   July 28, 2026                          /s/ Robert J. Jonker
                                                Robert J. Jonker
                                                United States District Judge

15